927 F.2d 287
 19 Fed.R.Serv.3d 47
 Angelo J. VINCI, Plaintiff-Appellant,
v.
CONSOLIDATED RAIL CORPORATION, Defendant-Appellee.
 No. 90-3025.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 24, 1991.
Decided March 7, 1991.
 
 Michael H. Doran (argued), Collins, Collins & DiNardo, Buffalo, N.Y., for plaintiff-appellant.
 William F. Gibson (argued), Gallagher, Sharp, Fulton & Norman, Cleveland, Ohio, for defendant-appellee.
 Before GUY and BOGGS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Angelo Vinci, appeals from the district court's sua sponte dismissal of his personal injury action for failure to prosecute. Fed.R.Civ.P. 41(b). Vinci worked for defendant, Consolidated Rail Corporation (Conrail), and was injured on the job on June 5, 1988. On November 18, 1988, he instituted this action under the Federal Employers Liability Act (FELA), 45 U.S.C. Sec. 51 et seq., claiming permanent and total disability. A discovery cut-off date was set by the court in June 1989, and the parties were ordered to submit a joint pretrial statement on or before September 29, 1989. Neither party submitted an order on that date. The trial court dismissed the case with prejudice on October 31, 1989, as a result of the failure to file the pretrial order.
 
 
 2
 Upon review, we conclude that the sua sponte dismissal was an abuse of discretion and reverse.
 
 I.
 
 3
 In Carter v. City of Memphis, 636 F.2d 159 (6th Cir.1980), we held that: "The dismissal of an action for an attorney's failure to comply is a harsh sanction which the court should order only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff.' " Id. at 161 (quoting Silas v. Sears, Roebuck & Co., 586 F.2d 382, 385 (5th Cir.1978)).
 
 
 4
 The scenario here clearly indicates that whatever fault was involved in the late filing of the pretrial order must be laid at the doorstep of plaintiff's counsel. "Dismissal is usually inappropriate where the neglect is solely the fault of the attorney." Carter, 636 F.2d at 161. At the time of dismissal, this case had been on the court's docket only 11 months. Although filed in November of 1988, the defendant did not answer until March 1989, having secured three extensions prior to answering. The original discovery cut-off date set by the court was adjourned at the request of the defendant. The missed deadline on the final pretrial order resulted from plaintiff's counsel transferring this file from his Buffalo, New York, office to the office of an attorney in Cleveland, Ohio.[1] Although we certainly do not condone the neglect on the part of counsel, we note that the delay occasioned was minimal, no prejudice was suffered by the opposing party, the case was less than a year old, and the defendant also failed to file any documents on the date the final pretrial order was due.[2] In fact, the order of dismissal states that "the parties have, in contravention of this Court's Orders, failed to submit an Attorneys' Pretrial Statement." (Emphasis added).
 
 
 5
 Defendant cites to our decision in Harris v. Callwood, 844 F.2d 1254 (6th Cir.1988), for support. We do not read Harris as justification for the action taken here by the trial court. In Harris, there were numerous derelictions of duty on the part of the plaintiff, including the failure to appear at two scheduled pretrial conferences. The case had been on the docket for over four years, had been dismissed earlier for a failure to prosecute, and then reinstated. Notwithstanding, we reversed in Harris, finding the dismissal an abuse of discretion. We stated in Harris: "In the Sixth Circuit, we have frequently reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." Id. at 1256. Based on the foregoing, defendant argues that the parties were put on notice that dismissal could be a sanction if there was a failure to comply with the court's orders. Conrail bases this argument on the following language at page 39 of a 51-page standing order given to counsel in all civil cases:
 
 
 6
 Failure of counsel to appear at any scheduled pretrial or otherwise comply with any of the provisions of this Standing Order may result in dismissal, default judgment, or the imposition of sanctions, as may be appropriate.
 
 
 7
 Although we do not mean to suggest that this should be construed as a hollow warning, we do not construe it to be, under the circumstances of this case, the kind of warning we envisioned in Harris when we spoke of notice that "further non-compliance would result in dismissal." (Emphasis added). This dismissal here appears to be almost mechanical; the date for the filing of the pretrial order had passed and an order of dismissal issued. The failure to exercise discretion can also constitute an abuse of discretion.
 
 
 8
 REVERSED.
 
 
 
 [1]
 The affidavit of plaintiff's counsel offers the following explanation, which is unrefuted:
 
 
 [7]
 That in the interim between June and September 29th, 1989, Collins, Collins & DiNardo [plaintiff's counsel] hired Joseph Delguyd Esq. who is from Cleveland, Ohio, to handle all of this firm's business in Ohio
 
 
 [8]
 Your deponent transferred all of his Cleveland cases, including Vinci vs. Consolidated Rail Corporation in August of 1989
 
 
 [9]
 In early September, 1989, your deponent noticed that a pretrial statement was due on September 29th, 1989, but did not have the name of the case for which was due. [sic]
 
 
 [10]
 Your deponent conducted a thorough review of all his files, including Kinney vs. Consolidated Rail Corporation, which is before this Court, to ascertain which case had a Pretrial Statement due on September 29, 1989
 
 
 [11]
 Since Mr. Delguyd had possession of the Vinci vs. Consolidated Rail Corporation file, your deponent and his staff were unable to look through the Vinci file to ascertain if there was a pretrial statement due on that case
 
 
 [12]
 Moreover, Collins, Collins & DiNardo moved their office location during this period of time, and many of the files had been misplaced, and it took some time before all files were in their proper location
 
 
 [13]
 This explanation is not offered as an excuse for the plaintiff's failure to file his pretrial statement, but rather, an explanation that this was not done intentionally to violate this Court's Order
 ....
 
 
 [15]
 In Vinci vs. Consolidated Rail Corporation, it is apparent that this case somehow fell through the cracks. Unfortunately, it is the plaintiff, ANGELO J. VINCI who is now held responsible, with his case being dismissed
 
 
 [2]
 We note in this regard, however, that a plaintiff carries the laboring oar insofar as preparing a final joint pretrial order is concerned and is primarily responsible for its timely filing