941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fadee MULAZIM, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellees.
 No. 91-1036.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Fadee Mulazim, a pro se Michigan prisoner, appeals the dismissal without prejudice of his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mulazim filed his complaint by counsel in the district court, alleging that prison officials harassed and assaulted him and encouraged prisoners to harass and assault him, and that he was subjected to wrongful transfers and reclassifications. Defendants moved to dismiss the complaint or for a more definite statement, and plaintiff responded in opposition. Thereafter, plaintiff filed a first amended complaint and a second amended complaint by counsel. Counsel for plaintiff then moved to withdraw from the case and the magistrate granted counsel's motion to withdraw.
 
 
 3
 Next, the district court entered an order, inter alia, directing plaintiff to notify the court whether he intended to proceed pro se, whether the second amended complaint accurately represented plaintiff's claims, and the relationship between plaintiff's claims and other lawsuits to which plaintiff was a party. Plaintiff did not respond to the order, and the district court dismissed the case without prejudice and denied plaintiff leave to proceed in forma pauperis on appeal.
 
 
 4
 This court granted plaintiff leave to appeal in forma pauperis. Upon consideration, we conclude that the district court abused its discretion in dismissing plaintiff's case.
 
 
 5
 The district court has authority to dismiss an action as a sanction for failure to prosecute under Fed.R.Civ.P. 41(b). Link v. Wabash R.R. Co., 370 U.S. 626, 629-32 (1962). Dismissal should generally be imposed only where there exists a "clear record of delay or contumacious conduct by the plaintiff." Vinci v. Consolidated Rail Corp., 927 F.2d 287 (6th Cir 1991) (per curiam); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir.1985) (per curiam); Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980) (per curiam) (quoting Silas v. Sears, Roebuck & Co., 586 F.2d 382, 385 (5th Cir.1978)). A dismissal for lack of prosecution will be reviewed only for abuse of discretion. Link, 370 U.S. at 633. However, absent advance notice that dismissal is contemplated or a record showing plaintiff's bad faith or lack of diligence in pursuing his claim, dismissal is improper. Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988).
 
 
 6
 Here, plaintiff received no notice that dismissal was contemplated by the district court. In fact, plaintiff contends that he did not receive the court's order at all until after the dismissal. Further, although primary counsel for plaintiff withdrew from the case after filing a second amended complaint, the district court docket sheet reflects that two other attorneys had entered appearances on behalf of plaintiff but were not notified of the district court's order. Under these circumstances, dismissal of plaintiff's action was improper.
 
 
 7
 Accordingly, the judgment of the district court is vacated pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings consistent with this order. (The district court may require plaintiff or his counsel to take prompt steps to indicate the alleged basis for his claim and its relationship to other litigation instituted by plaintiff).