943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles William EARLY, Plaintiff-Appellant,
v.
Officer Jennifer SLANDER, Badge No. 545, Chattanooga Police
Department, Officer Wilford Davis, Badge No. 226,
Chattanooga Police Department, Officer Robert Bracket, Badge
No. 20, Chattanooga Police Department, Detective Randolph
Ward, Badge No. 329, Chattanooga Police Department, Lt.
Hayden, Defendants-Appellees.
 No. 90-6432.
 United States Court of Appeals, Sixth Circuit.
 Sept. 13, 1991.
 
 1
 Before RALPH B. GUY, Jr., Circuit Judge, JOHN W. PECK, Senior Circuit Judge, and SILER, Chief District Judge.*
 
 ORDER
 
 2
 Charles William Early moves for the appointment of counsel on appeal from the district court order dismissing his civil rights complaint filed under 42 U.S.C. § 1983 for want of prosecution and failure to comply with an order of the court, pursuant to Fed.R.Civ.P. 41(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Early brought suit for monetary and injunctive relief, alleging that he had been beaten by five officers of the Chattanooga, Tennessee police department. Early conducted discovery in the form of requests for production of documents and interrogatories, submitted proposed and final witness lists, and responded to and survived motions by the defendants for dismissal and summary judgment. He was deposed, granted leave to file an amended complaint, and appointed counsel. The district court then filed a standing form scheduling order requiring the filing of a pretrial statement which sets forth a brief statement of the case, a list of witnesses, requests for subpoenas, a summary of the anticipated testimony, and a list of exhibits. Appointed counsel was allowed to withdraw on the basis of incompatibility with the plaintiff. The deadline for filing the pretrial statement passed, and eight days later the defendants moved to dismiss the case. The motion was immediately granted by the district court. This appeal followed. In a previous order, this court granted Early's motion to proceed on appeal in forma pauperis.
 
 
 4
 Dismissal of a case under Fed.R.Civ.P. 41(b) is reviewed for an abuse of discretion, Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986), taking into account the history of the case, including the plaintiff's record of nonprosecution, the prejudice to the defendants, and the court's patience with the litigant. Harris v. Callwood, 844 F.2d 1254, 1257 (6th Cir.1988) (Ryan, J., dissenting). In this case, Early had actively prosecuted the action until missing the deadline for filing the pretrial statement, which resulted in immediate dismissal. The information requested to be furnished in the statement was essentially already to be found in the record. Dismissal is a sanction of last resort, to be used when the defendant can demonstrate prejudice, and where less drastic sanctions have already been imposed or considered. Taylor v. Medtronics, Inc., 861 F.2d 980, 985-86 (6th Cir.1988). In this case, less drastic sanctions, such as the exclusion of any witnesses not already listed and any exhibits not already of record, could have eliminated any possibility of prejudice to the defendants. Where an order of dismissal issues almost mechanically after the date for filing a pretrial order has passed, in spite of a warning of the possibility of dismissal in the scheduling order, the district court has failed to exercise its discretion. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir.1991) (per curiam).
 
 
 5
 The motion for counsel is denied, the district court's order is vacated, and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for Eastern District of Kentucky, sitting by designation