963 F.2d 374
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley ZONA and Deanna Zona, Plaintiffs-Appellants,
v.
LINCOLN LOG HOMES, INC., Defendant-Appellee.
 No. 91-3275.
 United States Court of Appeals, Sixth Circuit.
 June 5, 1992.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WOODS, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs, Stanley and Deanna Zona, appeal the district court's dismissal, for want of prosecution, of their breach of contract action. For the reasons that follow, we reverse and remand.
 
 
 2
 * This case was the subject of a prior appeal. Zona v. Lincoln Log Homes, No. 90-3275 (6th Cir. Jan. 8, 1991). A more complete statement of the facts may be found therein. In its original posture, the district court, Judge Krenzler presiding, dismissed plaintiffs' action due to plaintiff's failure to file timely a pretrial statement. The district court is obligated to make conclusions of law to support a Rule 41(b) dismissal. Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986). Because the district court failed to fulfill its obligation, the prior panel of this court remanded for the district court to analyze plaintiffs' Supplemental Motion to Reinstate Complaint with Motion to File Pretrial Statement Instanter under the standards applicable to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Zona, No. 90-3275, slip op. at 5. The panel also expressed the opinion that, if the case were on appeal from the denial of a Rule 59 or 60 motion, the panel would not be satisfied that dismissal with prejudice was warranted; absent bad faith or contumacious conduct, some lesser penalty or sanction would be more appropriate. Id.
 
 
 3
 On remand, the district court reinstated its prior order dismissing plaintiffs' action with prejudice, noting that "[t]his court further finds that while the Plaintiffs' conduct was not in bad faith that [sic] it was contumacious conduct in that the Plaintiffs were in gross and utter disregard of the Standing Order of this court and of the various court orders." J.A. at 247. Plaintiffs now bring this appeal.
 
 II
 
 4
 The Zonas contend that the district court abused its discretion in dismissing their action for failure to prosecute. As a threshold matter, we must determine whether that issue is preserved for our review.
 
 
 5
 The district court dismissed this case with prejudice for failure to prosecute on March 31, 1989. On April 17, 1989, the plaintiffs served a motion to reinstate the complaint. The ten-day period, which does not include weekends or holidays, for filing a Rule 59(e) motion expired on April 14, 1989. Accordingly, plaintiffs' motion is deemed a Rule 60(b) motion. An appeal from an order denying Rule 60(b) relief does not bring up for review the underlying judgment. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978). Accordingly, plaintiffs' appeal is limited to whether the district court erred in denying the Rule 60(b) motion.
 
 
 6
 Whenever legal error is relied upon for relief in a Rule 60(b) motion, the motion falls within the category of mistake under Rule 60(b)(1). Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989). Motions predicated upon legal error must be filed within the normal time for taking an appeal. Pierce v. United Mine Workers, 770 F.2d 449, 451 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986). Plaintiffs' motion was filed within the proper period, and thus, we will consider their claim of legal error. The dismissal sanction should be used as a last resort after the court considers the feasibility of lesser sanctions. Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980); cf. Taylor v. Medtronics, Inc., 861 F.2d 980, 985 (6th Cir.1988) (addressing dismissal for failure to comply with discovery under Fed.R.Civ.P. 37); Regional Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir.1988) (same). Indeed, absent a record of willfulness, bad faith, or contumacious conduct, a lesser sanction should normally be used. See Vinci v. Consolidated Rail Corp., 927 F.2d 287, 287-88 (6th Cir.1991); Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988); Carter, 636 F.2d at 161. Lack of prior notice that further dilatory or contumacious behavior may result in dismissal is pivotal to the question of willfulness and bad faith. Harris, 844 F.2d at 1256. Routine language in a standing order warning counsel of possible dismissal for missing a pretrial hearing is deemed insufficient prior notice. Vinci, 927 F.2d at 288. Insofar as the district court's factual findings conclude that the standing order provided the only notice, the court erred in dismissing plaintiffs' case. Moreover, we find that this situation presents the type of egregious error that warrants Rule 60(b) relief. Our policy in this area is clear; notice is an absolute precondition to sua sponte dismissal. See Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983).
 
 
 7
 The district court purported to rely upon Daniels v. Brennan, 887 F.2d 783 (7th Cir.1989) to support dismissal. Therein, the district court did dismiss a plaintiff's case for failure to file a pretrial statement; however, "[i]n her judgment of dismissal orally announced from the bench, Judge Conlon set forth specific conditions upon which Daniels could seek reinstatement. The conditions were that the case would be reinstated, 'if within the next two weeks the plaintiff produces the pretrial order and is ready for trial.' " Id. at 789 (quoting Judge Conlon's oral statement). Thus, the district court in Daniels provided a cure period following dismissal. This procedure is certainly the functional equivalent of issuing an order stating that a plaintiff's action will be dismissed on a certain, future date unless a certain action is taken. Accordingly, we have no quarrel with Daniels. The fact remains, however, that Judge Krenzler gave the Zonas neither notice nor a cure period. As expressed earlier, general, boilerplate notice is insufficient.
 
 
 8
 At oral argument on remand, the district court expressed its concern that our decision renders the court unable to enforce its elaborate standing order. It can, but not at the expense of a party's rights.
 
 III
 
 9
 For the foregoing reasons, the district court's judgment is REVERSED, and the case is REMANDED to the Chief Judge of the Northern District of Ohio, whom we direct, in the exercise of this court's supervisory powers, to reassign to another judge. Said judge shall conduct further proceedings in a manner not inconsistent with this opinion.
 
 
 
 *
 The Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation