986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lucan A. WALKER, Plaintiff-Appellant,
v.
William H. DALLMAN, et al., Defendants-Appellees.
 No. 92-3817.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1993.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lucan Walker, an Ohio prison employee, filed an employment discrimination action against his employers under Title VII and various civil rights statutes. The district court ultimately caused the action to be dismissed under Fed.R.Civ.P. 41(b) for the failure of Mr. Walker's attorney to comply with a magistrate judge's show cause order. This appeal followed, and the parties have briefed the issues. The parties have not requested oral argument; therefore, the case will be submitted on the briefs.
 
 
 3
 The issue before the court is the propriety of the Rule 41(b) dismissal. On November 12, 1991, the defendants moved for summary judgment. Mr. Walker subsequently requested an extension of time for his response. On February 25, 1992, Walker was notified that he had until March 30, 1992, to respond to the defendants' motion. March 30th came and went without a response having been filed. The defendants thereafter moved for a dismissal for failure to respond by the specified date. The magistrate denied this motion but entered a separate show cause order on April 23, 1992, requiring the plaintiff to respond within ten (10) days on pain of involuntary dismissal under Rule 41(b). Walker's attorney did not respond to this order. On June 10, 1992, more than forty-five (45) days later, the magistrate recommended that the action be dismissed "[i]n light of both that lack of prosecution and the good cause shown in defendants' motion...." The authority cited in the recommendation deals with involuntary dismissals under Fed.R.Civ.P. 41(b) for failure to comply with a court order.
 
 
 4
 A Rule 41(b) dismissal will be reviewed for an abuse of discretion. Link v. Wabash R.R., 370 U.S. 626, 633 (1962). Counsel for Mr. Walker contends on appeal that this sanction is reserved exclusively for those parties who have repeatedly demonstrated bad faith or a course of contumacious conduct. He argues that, as the record on appeal reveals only one instance of a missed deadline, the district court's action was premature. In Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988), however, a panel of this court held that a district court had discretion to dismiss under Rule 41(b) if the "contumacious conduct" standard was satisfied or if the derelict party had actual notice that a dismissal was contemplated. In Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir.1991) (per curiam), it was suggested that the "actual notice" requirement would be satisfied by a separate, fact-specific warning to the party affected.
 
 
 5
 In the case at bar, Mr. Walker was issued a specific show cause order directing him to respond to a court order within ten days. The show cause order cited Link, an unmistakable allusion to the authority of a court to dismiss an action for noncompliance with a lawful court directive. The court took no action adverse to Walker for at least forty-five days beyond the period originally permitted for a response and, parenthetically, counsel for Walker has yet to set forth any justification for his dilatory conduct. There is no abuse of discretion apparent on the face of the record before us. The appeal lacks merit.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.