12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald VOLKER, Plaintiff-Appellant,
v.
DETROIT EDISON COMPANY, Defendant-Appellee.
 No. 93-1572.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1993.
 
 1
 Before: NELSON and BATCHELDER, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 Gerald Volker, a Michigan citizen, appeals from a district court order dismissing his case filed under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185, without prejudice, for failure to obtain counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Volker worked for the defendant from September, 1968, until his discharge on February 22, 1989. He was a member of Local 223, Utility Workers Union of America. His grievance of his discharge under the collective bargaining agreement was denied. The union withdrew his grievance from further proceedings on June 26, 1989, thus exhausting his administrative remedies. On February 14, 1992, Volker filed suit in state court alleging a breach of his employment contract, firing in retaliation for his union activities, and defamation. The defendant removed the case to federal district court on the ground that it was properly construed as a complaint under Sec. 301 of the LMRA.
 
 
 4
 Several weeks before the deadline for discovery in the district court, Volker's counsel moved to withdraw. The district court granted the motion and, on February 1, 1993, gave Volker until March 22, 1993 to obtain new counsel or have his case dismissed without prejudice. On March 17, 1993, defendant filed a motion for summary judgment. Volker responded by filing a motion for the appointment of counsel, arguing that he had been unable to retain counsel due to his indigency and that he had a defense to the summary judgment motion. The district court denied the motion for appointment of counsel and dismissed the case without prejudice. Volker moved for reconsideration, arguing that he should be appointed counsel or be allowed to represent himself. The district court also denied this motion. This appeal followed.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in denying the motion for appointment of counsel. See McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir.1987), cert. denied, 485 U.S. 965 (1988). However, it was an abuse of discretion to dismiss the action upon the record presented here.
 
 
 6
 This court has found an abuse of discretion in a dismissal for failure to prosecute under Fed.R.Civ.P. 41(b) where, in spite of notice to the plaintiff that dismissal was contemplated, the record did not reveal any bad faith conduct by the plaintiff. See Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir.1991) (per curiam). The factors to be considered include the delay caused by the plaintiff, the prejudice to the defendant, and the length of time the case has been on the court's docket. Id. In this case, there was no delay, as Volker moved for the appointment of counsel after failing to obtain counsel on his own, within the period allowed by the court. Moreover, there would have been no prejudice to the defendant if the district court had denied the motion for counsel and ordered Volker to respond to the motion for summary judgment pro se. Finally, the case had not been pending in the district court for a lengthy time.
 
 
 7
 This court has held that, in light of the policy favoring disposal of cases on the merits, a dismissal for failure to prosecute will not be affirmed in the absence of a clear record of delay or contumacious conduct. Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993). The record in this case lacks any evidence of delay or contumacious conduct by the plaintiff.
 
 
 8
 Accordingly, the order dismissing this action is vacated, and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, U.S. District Judge for the Northern District of Ohio, sitting by designation