66 F.3d 325
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Laverne BRATTON, Plaintiff-Appellant,
v.
NATIONAL RAILROAD PASSENGER CORPORATION, INC., Defendant-Appellee.
 No. 95-3138.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1995.
 
 Before: WELLFORD, MILBURN and SUHRHEINRICH, Circuit Judges.
 
 
 1
 LaVerne Bratton, a pro se Ohio resident, appeals a district court's dismissal of her civil rights complaint for want of prosecution. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bratton filed a lawsuit against the defendant alleging that one of its employees discriminated against her by telling her blacks were not permitted to use the restrooms located in Penn Station in New York, and that the employee grabbed her bags injuring her, then took her wallet and threw her belongings on the sidewalk outside the railway station. Bratton's lawsuit was initially filed in the United States District Court (USDC) for the Northern District of Ohio, but was later transferred to the USDC for the District of Columbia and was again transferred to the USDC for the Southern District of New York. Because Bratton was proceeding pro se and was a resident of Ohio, the case was then transferred back to the USDC for the Northern District of Ohio in order to accommodate Bratton.
 
 
 3
 During the district court proceedings, it appears from the record that Bratton repeatedly refused to comply with the defendant's requests for discovery and to prepare for the court's Case Management Conference (CMC) scheduled on July 27, 1994. The court gave Bratton an extension (by October 26, 1994) to reschedule the date of the CMC and informed her that if she continued to resist the defendant's efforts to engage in discovery, her case would be dismissed. Bratton did not meet the court's deadline to reschedule her CMC and she refused to comply with defendant's request to take her deposition. After Bratton did not meet the court's October 26, 1994, deadline to reschedule the CMC, the defendant filed a motion to dismiss, only after which Bratton filed a "motion not to dismiss."
 
 
 4
 On December 8, 1994, the district court gave Bratton another twenty-day extension. In its order, the court warned Bratton that if she did not notify the court in writing that she had obtained counsel within the twenty-day deadline, or alternatively, if she had not obtained a date from the court and the defendant for a CMC where she would proceed pro se, then the court would grant the defendant's motion to dismiss without further action. Bratton took no other action other than to file a motion on December 28, 1994, which stated in its entirety "Set for Case Management Hearing." Because Bratton did not comply with the requirements clearly set forth in the district court's December 8, 1994, order, and because she had not complied with the defendant's requests for discovery, the court dismissed Bratton's lawsuit for want of prosecution. On appeal, Bratton continues to argue the merits of her case. She has also filed a motion to appoint counsel and to reconsider this court's order denying her request to supplement her brief. The defendant has requested oral argument.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Bratton's lawsuit for want of prosecution. Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991); Carver v. Bunch, 946 F.2d 451, 453-55 (6th Cir.1991). The district court clearly set forth what action Bratton had to take in order for her to avoid dismissal of her lawsuit and the court clearly put Bratton on notice that her failure to comply with the defendant's requests for discovery and the court's orders would result in the dismissal of her lawsuit. See, e.g., Vinci v. Consolidated Rail Corp., 927 F.2d 287, 287-88 (6th Cir.1991) (per curiam). While pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as an attorney. Jourdan, 951 F.2d at 109. Bratton has offered no persuasive reason why she did not comply with the district court's orders and the defendant's requests for discovery.
 
 
 6
 Accordingly, we deny Bratton's request for counsel and her motion to reconsider. We deny defendant's request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.