77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert W.G. CLANTON, Plaintiff-Appellant,
v.
The CITY OF LANSING; Lansing Police Department, Defendants-Appellees.
 No. 95-1607.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1996.
 
 Before: BROWN, WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Herbert W.G. Clanton, proceeding pro se, appeals a district court order dismissing the plaintiff's complaint without prejudice, pursuant to Fed.R.Civ.P. 41(b). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Clanton sued the City of Lansing, Michigan, and the Lansing Police Department, claiming that he was denied his rights under several Amendments to the Constitution and under Michigan's state constitution. On April 27, 1995, the district court issued an order requiring Clanton to provide a more definite statement of these claims and to comply with the pleading requirements of Fed.R.Civ.P. 8. After considering Clanton's response to this order, the district court dismissed the claim without prejudice, pursuant to Fed.R.Civ.P. 41(b), because Clanton did not comply with the pleading requirements under the federal rules nor did he comply with the court's prior order. On appeal, Clanton reasserts the claims set forth in his complaint.
 
 
 3
 A judgment dismissing a complaint pursuant to Rule 41(b) is reviewed for an abuse of discretion. Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991); Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980) (per curiam).
 
 
 4
 The district court did not abuse its discretion in dismissing this case. The factors to be considered when reviewing a dismissal under Fed.R.Civ.P. 41(b) are largely the same as the factors to be considered when reviewing dismissals under Rule 37(b). Coleman v. American Red Cross, 23 F.3d 1091, 1094 n. 1 (6th Cir.1994). A district court may dismiss a case under these rules in situations where a plaintiff has displayed dilatory conduct or contumacious behavior. See Carter, 636 F.2d at 161. Prior notice that further dilatory conduct or contumacious behavior may result in dismissal is important to support the sanction. Vinci v. Conrail, 927 F.2d 287, 287-88 (6th Cir.1991) (per curiam). In determining whether a dismissal sanction was an abuse of discretion, a court may consider: 1) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; 2) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 3) whether less drastic sanctions were imposed or considered before a dismissal was ordered. Taylor v. Medtronics, Inc., 861 F.2d 980, 985 (6th Cir.1988) (citing Regional Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir.1991)).
 
 
 5
 Clanton supplied no facts, whatsoever, to support his legal claims and offered no information as to how his rights were violated. In response to the district court's order requiring a more definite statement. Clanton filed a pleading that was almost identical to his original complaint. This amended pleading still did not supply the district court with a factual basis for the court to review Clanton's claims.
 
 
 6
 The district court warned Clanton that failure to comply with its order requiring a more definite statement could result in a dismissal of the action pursuant to Rule 41(b), and Clanton was made fully aware of what was required to cure the defects in his original complaint. Moreover, the defendants were prejudiced by being forced to defend a suit without sufficient facts to enable the defendants to respond to Clanton's allegations. Taylor, 861 F.2d at 987.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.