**Russell A. KOMAROMY, Plaintiff,**

v.

**CITY OF CLEVELAND, et al., Defendants.**

**No. 1:05CV0175.**

United States District Court, N.D. Ohio, Eastern Division.

Jan. 3, 2006.

James Cavanaugh Nixon, Cleveland, OH, for Plaintiff.

Susan M. Bungard, City of Cleveland, Department of Law, Ronald J. O'Leary, Cleveland, OH, for Defendants.

Jillian S. Davis, Cleveland, OH, for Defendant Dennis W. Davis.

*MEMORANDUM AND ORDER DISMISSING THE MATTER SUA SPONTE FOR WANT OF PROSECUTION PURSUANT TO FED. R. CIV. P. 41(b) AND DENYING THE DEFENDANT CITY'S MOTION TO COMPEL AS MOOT*

WELLS, District Judge.

Russell Komaromy ("Komaromy") initiated this action on 1 February 2005 against the City of Cleveland ("the City"), Council Person Joseph Cimperman ("Cimperman"), David W. Dennis ("Dennis"), and two unnamed John Does. (Docket No. 1). Mr. Komaromy averred violations of due process and trespass, pursuant to the United States and Ohio Constitutions, for the City's alleged actions regarding graffiti abatement on Mr. Komaromy's commercial property located at 3408 Bridge Avenue in Cleveland, Ohio. A Case Management Conference was held with the Court on 7 July 2005, during which time the parties made a continued effort to arrive at a settlement agreement. (Docket No. 11). In an effort to further settlement discussions the Court set a telephonic status conference in this matter for 11:00 a.m., Wednesday, 27 July 2005. Prior to the status conference the City, as per agreement at the Case Management Conference, dispatched professionals from the Cleveland Restoration Society to inspect the plaintiff's building and estimate the cost of rehabilitating the alleged paint damage. For the telephonic status conference on 27 July 2005, counsel for defendants City of Cleveland and David Dennis were available and prepared to proceed. Plaintiff's counsel, however, was neither available for the status conference nor responsive to the Court's several calls both to his personal and office numbers.

On 28 July 2005, the Court filed an Order rescheduling the status conference and specifically noticed the plaintiff's counsel on the possibility of sanctions including dismissal of the action for failure to prosecute. (Docket No. 15). On 10 August 2005, the Court held the rescheduled status conference in which the defendants' counsel were available and ready to proceed, but plaintiff's counsel, again, failed to make himself available through his work or cell phone.

Now before the Court is the City's Motion to Compel Mr. Komaromy to respond to its discovery requests. (Docket No. 16). Mr. Komaromy has not filed a response to the motion. According to the record evidence, on 7 July 2005 the City submitted its First Request for Production of Documents and Things, First Set of Requests for Admission,

and First Set of Interrogatories. (Docket No. 16, Exh. A). Mr. Komaromy failed to respond to any of the City's requests. In addition, the City reasserted its requests of Mr. Komaromy in a letter to the plaintiff's attorney on 29 November 2005. (Docket No. 16, Exh. B). After, again, receiving no response the City proceeded to file the Motion to Compel now before the Court.

Mr. Komaromy has not only failed to respond to the City's discovery requests, now more than six months after the defendant submitted them to the plaintiff, but he has also failed to propound any discovery of his own in this matter. Moreover, the scheduled cut-off dates for Mr. Komaromy to submit his initial disclosures, to complete fact discovery and to submit expert reports have come and gone without any action from the plaintiff. (Docket No. 11). Mr. Komaromy's quiescence in the face of Court imposed discovery deadlines, coupled with his counsel's spurning of the Court's 28 July 2005 Order to make himself available for a telephonic status conference, combine to compel the Court to dismiss the matter *sua sponte* with prejudice, pursuant to Fed.R.Civ.P. 41(b).

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court" Fed. R.Civ.P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." *Id.* The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir.1999), *reh'g and suggestion for reh'g en banc denied* (June 30, 1999). The Supreme Court has recognized the authority of Rule 41(b) when it observed:

> [n]either the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. *Knoll,* 176 F.3d at 363; *Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 366 (6th Cir.1997), *cert. denied,* 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir.2001). Prior notice to the party that his failure to cooperate may result in dismissal is important to support the sanction. *Vinci v. Consolidated Rail Corp.,* 927 F.2d 287, 288 (6th Cir.1991).

In this case, as delineated above, Mr. Komaromy has failed to respond to, or propound, any discovery since this case began more than six months ago and has violated the directives of this Court by failing to respond to the 28 July 2005 Order to make counsel available for a status conference which had been continued as a result of Mr. Komaromy's counsel's initial failure to make himself available. In short, the plaintiff, who is represented by counsel, has made no effort whatever to move this case forward. Certainly, the necessity of monitoring a case which the plaintiff has dilatorily permitted to languish indefinitely works some hardship on these defendants. In addition, the plaintiff has been cautioned by the Court concerning the ramifications of failures to comply with

Court orders. Finally, under the circumstances, the Court finds no sanction short of dismissal will cure the plaintiff's failure to prosecute his case against these defendants.

Based on the foregoing, the plaintiff's claims against the defendants are hereby dismissed with prejudice and the City's motion to compel is denied as moot.

IT IS SO ORDERED.