Randall D. CARVER, Plaintiff–
Appellant,

v.

Bobby BUNCH and Betty Bunch,
Defendants–Appellees.

Nos. 90–6553, 91–5066.

United States Court of Appeals,
Sixth Circuit.

Submitted Sept. 13, 1991.

Decided Oct. 9, 1991.

Randall Dean Carver, Burgin, Ky., pro
se.

Hoy P. Hodges, County Atty., Bowling
Green, Ky., (briefed), for defendants-appel-
lees.

Before: KEITH and MARTIN, Circuit
Judges, and KRUPANSKY, Senior Circuit
Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Randall Dean Carver, proceeding *pro se*,
instituted this action pursuant to 42 U.S.C.
§ 1983 alleging that defendants Bobby and
Betty Bunch violated his federally protect-
ed rights by denying him personal hygiene
items for a period of two weeks while he
was an inmate at the Warren County Jail,
Bowling Green, Kentucky. Carver also al-
leges that defendants denied him reason-
able access to the courts by denying him
stamps, envelopes, writing material, "legal
material," and an opportunity to call his
attorney. In addition, Carver alleges that
he was the target of a death threat by
Bobby Bunch. On November 16, 1990, the
district court dismissed Carver's complaint
solely because he failed to respond to the
defendant's motion to dismiss in violation
of Local Rule 6(b)(1)(A) of the Joint Local
Rules for the United States District Courts

of the Eastern and Western Districts of Kentucky. Because we find that the district court abused its discretion in dismissing Carver's complaint, we reverse.

Because this case was dismissed due to a purely procedural defect, a review of the relevant procedural history is appropriate. On March 12, 1990, the district court received Carver's complaint along with a motion to proceed *in forma pauperis*. On April 19, 1990, the district court granted Carver's motion to proceed *in forma pauperis* and ordered the complaint filed. Additionally, the district court notified the parties that it believed the complaint was subject to dismissal for failure to state a claim for which relief can be granted and instructed Carver to amend his complaint or face dismissal. Thereafter, on May 9, 1990, Carver submitted an amended complaint which responded to the district court's order. On May 14, 1990, defendants filed a motion to dismiss, or in the alternative, a motion for a more definite statement.

Pursuant to an order dated July 19, 1990, the district court referred this case to a magistrate to conduct all non-dispositive pretrial matters. On August 10, 1990, the magistrate considered the defendants' motion to dismiss in light of Carver's amended complaint. The magistrate recommended that Carver's claim that he was threatened by Bobby Bunch be dismissed. However, with respect to Carver's remaining claims—that he was denied personal hygiene products for a period of two to two and one-half weeks and was denied access to the courts—the magistrate concluded that the amended complaint stated sufficient facts to preclude a dismissal for failure to state a claim. Defendants timely filed objections to the magistrate's report. They contended simply that Carver's failure to respond to their motion to dismiss required dismissal pursuant to Local Rule 6(b)(1)(A). Carver attempted to obtain an extension of time in which to file objections to the magistrate's report, but the request was denied. On November 16, 1990, some three months after the magistrate issued his report, the district court dismissed Car-

ver's complaint solely because Carver did not respond to defendants' May 14 motion to dismiss without ever addressing the merits of the underlying motion. Carver timely appealed.

■ At this stage of this proceeding we are not concerned with the relative merits underlying Carver's complaint. Instead, this appeal requires us to determine whether the district court abused its discretion in dismissing Carver's complaint for noncompliance with Local Rule 6(b)(1)(A). We note, however, that Carver's complaint does appear, on its face, to state a valid cause of action under § 1983. The Eighth Amendment prohibits deliberate indifference to needs of prisoners, including the basic elements of hygiene. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Wright v. McMann*, 387 F.2d 519, 526 (2d Cir.1967), *cert. denied*, 409 U.S. 885, 93 S.Ct. 115, 34 L.Ed.2d 141 (1972). In both his original and amended complaints, Carver specifically names the items of personal hygiene that he was denied as well as the period of denial; that being "the last two weeks of February in the year of 1990...." Presumably, if Carver was able to prove the defendants did, in fact, deny him basic elements of hygiene and that such denial was the result of the defendants' deliberate indifference and not inadvertence or good-faith error, he would be entitled to relief. *See Whitley v. Ablers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986); *Birrell v. Brown*, 867 F.2d 956, 958 (6th Cir.1989). In order for Carver's complaint to be dismissed for failure to state a claim, a court must conclude "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). Carver's complaint does not warrant such a conclusion.

Local Rule 6(b)(1)(A) states:

(b) Time for Filing Responses and Replies

(1) Civil Actions.

(A) Opposing Memorandum. An opposing memorandum must be filed within fifteen (15) days from the date of service of the motion which may be extended for no more than thirty (30) additional days by written stipulation filed with the Court unless the stipulation would extend the time beyond a deadline established by the court. Failure to file an opposing memorandum may be grounds for granting the motion.

Defendants argue here, as they did in their objections to the magistrate's report, that Local Rule 6(b)(1)(A) imposes a mandatory response requirement upon a party who is subject to a motion to dismiss. In support of this interpretation, defendants point to the first sentence of the rule which requires that "[a]n opposing memorandum *must* be filed...." This interpretation, however, would totally eviscerate the final sentence of the rule which states that "[f]ailure to file an opposing memorandum *may* be grounds for granting the motion." The use of the word "may" as opposed to "will," for example, implies that the district court has discretion in determining whether to grant the motion to dismiss for a failure to respond. As the title for the rule would suggest, the first sentence of rule 6(b)(1)(A) is a scheduling provision intended to set the time frame for the filing of a responsive pleading. In its order dismissing Carver's complaint, the district court found that plaintiff was *"in violation"* of Local Rule 6(b)(1)(A). (emphasis added). The district court's use of the phrase "in violation" suggests that it might have subscribed to the defendants' interpretation of the Rule. This would have been an abuse of discretion. *NAACP v. City of Mansfield*, 866 F.2d 162, 166–167 (6th Cir.1989) (district court abuses its discretion when it improperly applies the law). We decline to speculate on this issue because even if the district court did not subscribe to the defendants' interpretation of the Rule and its use of the phrase "in violation" was merely an unfortunate choice of words, we nevertheless feel that the court abused its discretion in dismissing Carver's complaint.

■ There is no question that Local Rule 6(b)(1)(A) affords the district court the discretion to grant a party's motion because the opposing party failed to file an responsive memorandum. Ordinarily the operation of such a rule does not give this court cause for concern when it is applied to the seemingly endless variety of motions a court is called upon to decide in the normal progression of a lawsuit. However, when such a rule is utilized for the outright dismissal of an action, we take greater notice. Rule 83 of the Federal Rules of Civil Procedure expressly authorizes district courts to adopt their own local court rules to cover areas not specifically covered by the federal rules. *See Colgrove v. Battin*, 413 U.S. 149 n. 22, 93 S.Ct. 2448 n. 22, 37 L.Ed.2d 522 (1973); *see also* 28 U.S.C. § 2071. These local court rules, however, cannot conflict with the Federal Rules of Civil Procedure, Acts of Congress, and rules of practice and procedure prescribed by the Supreme Court. *Tiedel v. Northwestern Michigan College*, 865 F.2d 88, 91 (6th Cir.1988).

■ Interpreting Local Rule 6(b)(1)(A) as authorizing a district court to dismiss Carver's complaint would seemingly make that rule inconsistent with the Federal Rules of Civil Procedure. We decline to subscribe to such an interpretation and instead find that the district court erred in concluding that Local Rule 6(b)(1)(A) authorized it to dismiss Carver's complaint under the circumstances of this case. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss a plaintiff's action for failure to prosecute. In *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Supreme Court upheld a district court's dismissal under this rule of a plaintiff's action because plaintiff's counsel failed to appear at a scheduled pretrial and had, up to the time of the pretrial, deliberately proceeded in a dilatory fashion. *Id.* at 633, 82 S.Ct. at 1390. The Court was careful to note that it was not deciding "whether explained absence from a pretrial conference would *alone* justify dismissal with prejudice if the record showed no other evidence of dilatoriness on the part of the plaintiff." *Id.* at 634, 82 S.Ct. at 13.

In interpreting the district court's authority under Rule 41(b) to dismiss a party's action for a failure to prosecute or comply with a court order, this court has frequently cautioned that such a dismissal "is a harsh sanction which the court should order only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff.'" *Carter v. City of Memphis, Tennessee,* 636 F.2d 159, 161 (6th Cir.1980) (quoting *Silas v. Sears, Roebuck & Co., Inc.,* 586 F.2d 382, 385 (5th Cir.1978)). *See also Bishop v. Cross,* 790 F.2d 38, 39 (6th Cir.1986) (dismissal requires a "degree of willfulness, bad faith or contumacious conduct"); *Patterson v. Township of Grand Blanc,* 760 F.2d 686, 688 (6th Cir.1985); *Holt v. Pitts,* 619 F.2d 558, 562 (6th Cir.1980). However, in *Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988), this court, after reviewing a number of earlier decisions from this circuit, concluded that

> [f]rom these cases we extract the principle that in absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in "bad faith or contumacious conduct."

*See also Schilling v. Walworth County Park & Planning Commission,* 805 F.2d 272, 276–77 (7th Cir.1986) (district court should warn *pro se* litigants of possible consequences of neglect if it intends to sanction with dismissal). As these cases make clear, the district court was not permitted under Rule 41(b) to dismiss Carver's complaint in this case.

An interpretation of the Local Rule 6(b)(1)(A) which permitted a district court to dismiss a plaintiff's action merely for failing to respond to another party's motion would, at a minimum, expand the district court's authority over that which it possesses under Rule 41(b) of the Federal Rules of Civil Procedure. *See J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.,* 542 F.2d 1318, 1323 n. 6 (7th Cir.1976) ("Unless the violation of a local rule constitutes failure to prosecute, Rule 41 does not provide for dismissal for violation of a local rule."). We simply cannot conclude that Carver's failure to respond to the defendants' motion to dismiss, standing alone, amounted to a failure to prosecute. The record contains no evidence that Carver had repeatedly failed to adhere to the court's procedural rules. To the contrary, the record reflects that Carver did timely respond to the district court's April 19 order by filing an amended complaint within the deadline. Furthermore, Carver sought an extension in order to file objections to the magistrate's report, which, although ultimately denied, evidences a respect on Carver's part for the court's procedural rules.

■ Our decision in this case is further supported by the overall structure of the Federal Rules. As the Supreme Court has repeatedly held, " 'The Federal Rules [ ] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' " *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 319–320, 108 S.Ct. 2405, 2410, 101 L.Ed.2d 285 (1988) (Brennan, J. dissenting) (quoting *Foman v. Davis,* 371 U.S. 178, 181–182, 83 S.Ct. 227, 229–230, 9 L.Ed.2d 222 (1962)). *See also Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); Fed.R.Civ.P. 1. Additionally, under Rule 56(c), a party moving for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Although subsequent Supreme Court cases have redefined the movant's initial burden, *see, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the requirement that the movant bears the initial burden has remained unaltered. *See Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553; *Street v. J.C. Bradford,* 886 F.2d 1472, 1479 (6th Cir. 1989). More importantly for all purposes,

the movant must always bear this initial burden regardless if an adverse party fails to respond. *Adickes,* 398 U.S. at 161, 90 S.Ct. at 1610; *Kendall v. Hoover Co.,* 751 F.2d 171, 173–174 (6th Cir.1984); *Felix v. Young,* 536 F.2d 1126, 1135 (6th Cir.1976). In other words, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden. We see no reason why the situation should be different in the context of a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). In essence, the court's inquiry under either 12(b)(6) or 56(c) is identical, with the most significant difference being the type of evidence the court considers in reaching its decision.

Our conclusion in this case is not meant to impair the district court's authority to dismiss a plaintiff's action under Rule 41(b) for a failure to prosecute. We merely conclude that on the record before us, the district court abused its discretion in dismissing Carver's complaint solely for his failure to respond to defendants' motion to dismiss.

Therefore, for the above stated reasons, we reverse the judgment of the district court and reinstate Carver's complaint. Apart from noting that Carver's complaint does state a cause of action under § 1983, we express no opinion as to the underlying merits of this action.