966 F.2d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward BURSE, Plaintiff-Appellant,
v.
Gene Reed FORD; Chuck Mims; Mitch Thompson, Defendants-Appellees.
 No. 91-6174.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Edward Burse appeals a district court's order dismissing his Title VII action for failure to prosecute. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Burse sued the defendants, alleging that they had discriminatorily terminated him from his employment based on race. The defendants filed a motion to dismiss, arguing that Burse failed to state a claim upon which relief could be granted. Burse did not respond to this motion, and he subsequently failed to attend a pretrial conference. The district court then dismissed the case for lack of prosecution. Burse has filed a timely appeal. In his brief, he requests the appointment of counsel.
 
 
 3
 Upon review, we conclude that the district court improperly dismissed Burse's complaint. See Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991).
 
 
 4
 The district court determined that two alternative grounds supported dismissing Burse's action. First, Burse failed to attend the pretrial conference. We note, however, that shortly before the pretrial conference was held, Burse and the defendants filed a joint motion to continue the trial date. Burse states on appeal that he thought the trial and the pretrial conference had been continued. While such an assumption was obviously incorrect and Burse should have verified this matter with the court, we are not persuaded that Burse's failure to attend the pretrial conference is an indication of willfulness, bad faith, or contumacious conduct on his part that justifies the harsh sanction of dismissal. See Vinci v. Consolidated Rail Corp., 927 F.2d 287, 287-88 (6th Cir.1991).
 
 
 5
 Second, the district court dismissed Burse's action because he failed to respond to the defendants' motion to dismiss. The district court relied on Rule 8(b) in dismissing the action. That rule provides that failure to file a timely response to a motion may be deemed grounds for granting the motion. However, this court clarified in Carver v. Bunch, 946 F.2d 451 (6th Cir.1991), that a district court should not rely on such a local rule in dismissing a case. Id. at 453-54. Indeed, the district court is required to examine the movants' motion on the merits to determine whether they are entitled to relief under Fed.R.Civ.P. 12(b)(6). Id. at 455. Finally, it is also not apparent that the district court considered imposing lesser sanctions before deciding to dismiss the suit. Vinci, 927 F.2d at 287-88.
 
 
 6
 We AFFIRM dismissal of the repetitious § 1983 action filed by plaintiff on January 2, 1991.
 
 
 7
 Accordingly, we deny Burse's request for counsel, vacate the district court's judgment and remand for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.