972 F.2d 346
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charley EDWARDS, Plaintiff-Appellant,
v.
Arum R. MILLER, Defendant-Appellee.
 No. 92-1603.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1992.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the response submitted by appellant to this court's June 3, 1992, order to show cause why his appeal should not be dismissed for lack of jurisdiction. Charley Edwards appeals the dismissal of his civil rights complaint filed under 42 U.S.C. § 1983 for want of prosecution pursuant to Fed.R.Civ.P. 41(b).
 
 
 2
 Upon review, it appears that appellant mailed his complaint to the district court for filing on March 3, 1992. However, appellant was paroled from prison on March 5, 1992, whereupon he left a forwarding address with prison authorities. Appellant's complaint was filed in the district court and an order was issued directing him to pay a partial filing fee on March 9, 1992. Thereafter, prison officials returned to the district court the envelope containing appellant's copy of the order directing payment of the partial filing fee, incorrectly indicating on the envelope that plaintiff left no forwarding address. On March 25, 1992, the district court entered its order dismissing the complaint for appellant's failure to leave a forwarding address.
 
 
 3
 Appellant contends that he did not receive notice of the dismissal of his complaint by the district court until April 27, 1992, because of prison officials' failure to forward mail to his new address after his parole. In fact, appellant has submitted documents which indicate that appellant wrote to prison officials on March 27, 1992, to complain that his mail was not being forwarded, and that prison officials responded April 1, 1992, to acknowledge the problem. In addition, appellant has submitted a letter that he wrote to the district court to inquire into the status of his case on March 28, 1992, just three days after the district court's judgment was entered.
 
 
 4
 Upon consideration, we conclude that we must vacate the judgment of the district court. Although we review a dismissal for want of prosecution only for abuse of discretion, see Carver v. Bunch, 946 F.2d 451, 452-54 (6th Cir.1991), the unique circumstances of this case dictate that appellant's complaint be reinstated in the district court. Through no fault his own, appellant was not afforded notice of the actions taken by the district court following the submission of his complaint. Likewise, the district court was given incorrect information that appellant had left no forwarding address. Under these circumstances, reinstatement of appellant's complaint is warranted.
 
 
 5
 Accordingly, the judgment of the district court is vacated and the case is remanded to the district court for reinstatement of the complaint. Rule 9(b)(3), Rules of the Sixth Circuit.