979 F.2d 848
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles MILES, Plaintiff-Appellant,
v.
John BOLLINGER, Officer; Diane Kulp, Officer, Queen Anne's
County, Defendants-Appellees,
and MARYLAND STATE TROOPERS, Defendant.
 No. 92-6789.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 21, 1992
Decided: November 25, 1992
As Amended Jan. 5, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-91-1602-S)
 Charles Miles, Appellant Pro Se.
 Mykel Hitselberger, Snyder & Poole, Frederick, Maryland; Betty Ann Stemley, Assistant Attorney General, Pikesville, Maryland, for Appellees.
 D.Md.
 Affirmed in part, reversed in part, and remanded.
 Before WIDENER and MURNAGHAN, Circuit Judges, BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Charles Miles appeals from the district court's grant of summary judgment to Defendant John Bollinger and dismissal of Defendant Diane Kulp in this civil action for damages under 42 U.S.C. § 1983 (1988). Miles alleged in an unsworn Complaint that he was assaulted by Bollinger following his arrest on drug charges while Bollinger and Kulp, both state troopers, were driving him to Centerville Barrack for booking. We affirm the district court's dismissal of Kulp, because she was not directly involved in the alleged misconduct. However, we find that Bollinger failed to meet his initial burden of establishing his entitlement to summary judgment under Fed. R. Civ. P. 56(c). We therefore reverse the district court's grant of summary judgment to Bollinger and remand this case for further proceedings.
 
 I.
 
 2
 According to Miles, Kulp and Bollinger came to the Queen Anne's County (Maryland) Detention Center where Miles was detained on an unrelated matter on April 25, 1990, placed him in handcuffs, and took him to a waiting vehicle. Once inside the vehicle, Kulp and Bollinger allegedly accused Miles of selling them drugs (Kulp's pleadings revealed that the officers had in fact arrested Miles on drug charges and were driving him to Centerville Barrack for booking); when he denied this, Bollinger allegedly said "you better start remembering," and began choking Miles, first with his arm and then with the seat belt. By the time Miles was returned to the detention center, his mouth was bloody and his neck was swollen. He was taken to the hospital for X-rays. The X-rays allegedly revealed swollen and bruised muscles in his neck.
 
 
 3
 Miles then filed the present action, naming both Kulp and Bollinger as Defendants. Bollinger answered, denying only that he had choked Miles with a seatbelt. The claim against Kulp was dismissed on the district court's finding that she was at most a bystander. At the district court's direction, Bollinger moved for summary judgment. His motion and memorandum in support thereof did not dispute the facts as alleged by Miles or offer an explanation for the alleged conduct. Rather, he raised the affirmative defense of qualified immunity (but again, without stating supporting facts), and further asserted that Miles's claim was barred by the Eleventh Amendment, that the claim stated was not cognizable under § 1983 because Miles had not identified the particular constitutional right which the alleged conduct violated, and that he was not a "person" amenable to suit under § 1983. Miles was given notice of the need to respond, and filed a response addressing Bollinger's assertions. However, his response was not accompanied by affidavits or other verified evidence to buttress his original claims.
 
 
 4
 Solely because Miles failed to provide additional verified evidence, the district court granted summary judgment to Bollinger, and this appeal followed.[1]
 
 II.
 
 5
 We review grants of summary judgment de novo. Felty v. GravesHumphreys Co., 818 F.2d 1126 (4th Cir. 1987). Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (in banc), cert. denied, 59 U.S.L.W. 3564 (U.S. 1991). When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).
 
 
 6
 As a general rule, a nonmovant must respond to a motion for summary judgment with affidavits or other verified evidence, rather than relying on his complaint. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). However, the Celotex rule does not alter the summary judgment standard stated in Rule 56(c) or the initial burden of proof attending that standard: the movant continues to bear the burden of showing that he is entitled to summary judgment. Celotex, 477 U.S. at 323. This burden can be met either by presenting affirmative evidence or by demonstrating that the nonmovant's evidence is insufficient to establish his claim. Id. at 331 (Brennan, J., dissenting).[2] The movant's burden remains intact even if the nonmovant fails to respond to the summary judgment motion. Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).
 
 
 7
 We find that Bollinger failed to meet his initial burden. Contrary to Bollinger's assertions, Miles's claim is only barred by the Eleventh Amendment to the extent that a claim for damages against Bollinger in his official capacity is stated. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). However, Miles also implicitly stated a claim against Bollinger in his individual capacity,[3] and Bollinger in his individual capacity clearly is a "person" within the meaning of § 1983. Hafer v. Melo, 60 U.S.L.W. 4001 (U.S. 1991).
 
 
 8
 Furthermore, Miles, in light of his pro se status, was not required to identify the specific constitutional provisions upon which he relied in making his claims, so long as the facts as alleged were sufficient to state a cognizable claim under the Constitution. Martin v. Gentile, 849 F.2d 863, 868 (4th Cir. 1988). We find that the facts as alleged in this Complaint state a cognizable claim under the Fourth Amendment.[4] Graham v. Connor, 490 U.S. 386 (1989). To the extent that Miles alleged that Bollinger's conduct was intended to elicit a confession from him, he has also stated a cognizable claim under the Fifth and Fourteenth Amendments. See Gray v. Spillman, 925 F.2d 90 (4th Cir. 1991).
 
 
 9
 Bollinger's final argument that he is entitled to qualified immunity is equally unavailing. Public officials are free from liability for monetary damages if they can plead and prove that their conduct did not violate clearly established rights of which a reasonable person should have known. Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982). The question ultimately turns on whether a reasonable officer could have believed that the challenged conduct was lawful. Gooden v. Howard County, 954 F.2d 960, 964-65 (4th Cir. 1992) (en banc); Collinson v. Gott, 895 F.2d 994, 998 (4th Cir. 1990).
 
 
 10
 The defendant bears the burden of proof of establishing this affirmative defense, Gomez v. Toledo, 446 U.S. 635 (1980), but-once again-Bollinger has altogether failed to address the reasonableness of his conduct. In cases such as this where the qualified immunity defense turns on an interpretation of facts which are in dispute, we have held that summary judgment on qualified immunity grounds is inappropriate. Rainey v. Conerly, F.2d, Nos. 91-7248/7249 (4th Cir. 1992). We hold that summary judgment is equally inappropriate here where the version of facts as stated in Miles's Complaint has not been joined.
 
 
 11
 In conclusion, although we affirm the dismissal of Kulp, we find that Bollinger failed to meet his initial burden of establishing entitlement to summary judgment. Our view is not altered by Miles's subsequent failure to respond to the motion with verified evidence. We therefore reverse the district court's decision as to Bollinger and remand this case for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
 
 
 
 [1]
 This appeal was rendered timely by district court order
 
 
 [2]
 The majority and dissent in Celotex did not disagree on the manner in which the movant could meet the initial burden of production, but only disagreed on whether that burden had been met on the particular facts of that case
 
 
 [3]
 Although the caption of Miles's Complaint did not specify whether this was an individual or official capacity suit, the Defendants treated it as both below when they attempted to claim both the Eleventh Amendment and qualified immunity as defenses. See Conner v. Reinhard, 847 F.2d 384, 394 n.8 (7th Cir.), cert. denied, 488 U.S. 856 (1988). The former defense is designed to shield state officials from damages for conduct undertaken while acting in their official capacity, Hafer v. Melo, 60 U.S.L.W. 4001, 4002 (U.S. 1991), while the latter defense is only available when state officials are sued in their individual capacity for causing a deprivation of a federal rights. Id.; Kentucky v. Graham, 473 U.S. 159, 166-67 (1985). Furthermore, Miles did not allege that the wrongs he suffered were the result of a state policy or custom, thus making it impossible for his claims to be effectively construed as an official capacity suit, even if the Eleventh Amendment were no bar. Hafer, 60 U.S.L.W. at 4002; Graham, 473 U.S. at 166
 
 
 [4]
 Even though Miles was a detainee at all times relevant to this matter, the conduct of which he complains was unrelated to his detainee status and concerned the alleged use of excessive force during an arrest. Hence, this claim is governed by the Fourth Amendment, rather than by the Due Process Clause