23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Thomas HARRIS, Plaintiff-Appellant,
v.
W. Jeff REYNOLDS; Eileen Hosking; Debby Burnette,
Defendants-Appellees.
 No. 93-5700.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 Before: GUY and NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 OPINION
 
 1
 This is an appeal from a district court's order granting summary judgment for all defendants in this prisoner civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Tennessee inmate Thomas Harris filed a civil rights action against the named Tennessee corrections officials claiming they abridged his First and Fourteenth Amendment rights. Harris sought monetary and injunctive relief and named the defendants in their official and individual capacities. A series of responsive pleadings ensued, after which the defendants moved for summary judgment. The district court summarily granted the motion when Harris did not respond within a prescribed period of time. This appeal followed. The parties have briefed the issues; Harris is proceeding without benefit of counsel.
 
 
 3
 Harris filed this lawsuit claiming he was wrongly denied a visit by his attorney and a physician who were coming to see him in connection with a court-ordered visitation of Harris's minor child. Harris claimed the attorney and doctor were denied permission to visit with him, even though Harris had complied with all the notice provisions of the institution. The defendants sought summary judgment on the basis of affidavits and policy statements showing the visit was denied for Harris's failure to comply with a prison "24 hour notice" provision and that the attorney and doctor were subsequently permitted to visit Harris the next month. This motion was filed on October 23, 1992. There is no record of a response by Harris to this motion.
 
 
 4
 On January 12, 1993, Judge Wiseman granted the defendants' motion for summary judgment in a margin entry. The entry reads, in its entirety, as follows:
 
 
 5
 No response having been filed within the time allowed by Local Rule 8(b), it is assumed plaintiff has no opposition hereto, and this motion is granted. Case dismissed as to all defendants.
 
 
 6
 "Local Rule 8(b)" is a local rule of court of the United States District Court for the Middle District of Tennessee. The relevant portion of the rule states:
 
 
 7
 Rule 8. Pleadings, Motions, Briefs, Summonses, Subpoenas, Etc.
 
 
 8
 (b) Motions.
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 (3) Each party opposing a motion shall serve and file a response, reply memorandum, affidavits or other responsive material not later than ten (10) days after service of the motion, except that in cases of motion for summary judgment the time shall be twenty (20) days after the service of the motion. Failure to file a response shall indicate that there is no opposition to the motion.
 
 
 12
 * * *
 
 
 13
 (Emphasis added.)
 
 
 14
 Plaintiff Harris argues the merits of the motion in his pro se appellate brief. Case law indicates, however, that the district court's reliance and application of the local rule in this instance was reversible error.
 
 
 15
 In Carver v. Bunch, 946 F.2d 451 (6th Cir.1991), a panel of this court held it was error for a district court to grant a motion to dismiss a complaint solely on the authority of a local rule similar to the one presented in the present appeal. In Carver, the defendants in a pro se prisoner civil rights case moved to dismiss the complaint. The district court ultimately granted the motion solely for the pro se's failure to comply with a local rule of the Western District of Kentucky. This rule stated, in relevant part, that "[f]ailure to file an opposing memorandum [to a motion to dismiss] may be grounds for granting the motion." Id. at 453.
 
 
 16
 The Sixth Circuit held that an interpretation of the local rule "which permitted a district court to dismiss a plaintiff's action merely for failing to respond to another party's motion" would amount to an impermissive expansion of the district court's express grant of authority under the Federal Rules of Civil Procedure. Id. at 454. The panel went on to compare this to a similar failure to respond to a motion for summary judgment and unequivocally condemned this practice.
 
 
 17
 In other words, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden [imposed by Fed.R.Civ.P. 56(c) ].
 
 
 18
 Id. at 455.
 
 
 19
 Similarly, it was error for the district court in the appeal at bar to grant the defendants' motion for summary judgment on the exclusive authority of a local rule permitting such a procedure. Cf. Guarino v. Brookfield Tp. Trustees, 980 F.2d 399, 407 (6th Cir.1992) (although a district court need not comb the record to "rescue" a non-responding party to a motion for summary judgment, the court must nevertheless satisfy itself that the moving party has met the demands of Fed.R.Civ.P. 56 before granting the motion). This decision is in no way intended to be a reflection of the ultimate merits of the action.
 
 
 20
 In addition, we note that Rule 58 of the Federal Rules of Civil Procedure requires that "[e]very judgment ... be set forth on a separate document." In this case, the district court neglected to set forth its judgment on a separate document, choosing instead to render its judgment in a marginal order. Such an order is not sufficient to meet the requirements of Rule 58. United States v. Woods, 885 F.2d 352, 353 (6th Cir.1989). This court has expressed disapproval of marginal orders because they make review of the district court's order difficult. Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1082 (6th Cir.1990). This case illustrates that difficulty.
 
 
 21
 Accordingly, the district court's judgment is vacated and the cause remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.