79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen L. FLEETWOOD, Plaintiff-Appellant,
v.
Sharon WRIGHT, Defendant-Appellee.
 No. 95-1565.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1996.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and OLIVER, District Judge.*
 
 ORDER
 
 2
 Allen L. Fleetwood appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory and injunctive relief, Fleetwood sued a Michigan correctional employee, alleging that the defendant improperly withheld Fleetwood's mail. Although Fleetwood did not ask to proceed in forma pauperis nor did he submit a pauper affidavit, the magistrate judge granted him in forma pauperis status in a standard order. Two weeks after this order was filed, the district court sua sponte dismissed the case. The court noted that Fleetwood had not provided copies of the complaint for the defendant or the court, as required by Western District of Michigan Local Rule 25(b). The court also noted that Fleetwood had not submitted the filing fee with the complaint or, in the alternative, moved to proceed in forma pauperis, as required by the form complaint for prisoners. Consequently, the court dismissed the complaint without prejudice because Fleetwood had not complied with the court's rules. Fleetwood has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court abused its discretion in dismissing Fleetwood's complaint for failure to comply with the court's rules. See Carver v. Bunch, 946 F.2d 451, 453 (6th Cir.1991). The district court may not dismiss an action for failure to comply with the court's local rules unless the non-compliance rises to the level required for dismissal by Fed.R.Civ.P. 41(b). Id. at 453-54. A district court should order a Rule 41(b) dismissal only in extreme situations demonstrating a clear record of delay or contumacious conduct by the plaintiff. Id. at 454. Further, before the court dismisses a case under Rule 41(b), it should notify the party that the court is contemplating such dismissal. Id.
 
 
 5
 The record reflects no evidence of willfulness, bad faith, or contumacious conduct by Fleetwood in this case. While Fleetwood did not provide the court with the in forma pauperis motion or the required copies of the complaint, these acts do not appear to be willful on his part. Further, the district court initially granted Fleetwood in forma pauperis status and, consequently, he had no reason to believe that he was not in compliance with the court's requirements in this respect. The court also did not notify Fleetwood that it was contemplating dismissing the case, prior to taking such action. While the form complaint provided by the court does note that the court may refuse to accept complaints that do not comply with the form's requirements, this notice was not sufficient to warn Fleetwood that his case was subject to dismissal. See Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir.1991) (routine language in standing order warning counsel of possible dismissal is insufficient prior notice).
 
 
 6
 Accordingly, we vacate the district court's judgment and remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Solomon Oliver, United States District Judge for the Northern District of Ohio, sitting by designation