86 F.3d 1155
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George KAJGANIC, Plaintiff-Appellant,
v.
Brad BELL, Secretary, Metal Workers of Alliance, Inc.,
Defendant-Appellee.
 No. 95-3488.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1996.
 
 Before: WELLFORD, NORRIS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 George Kajganic, a pro se Ohio litigant, appeals a district court judgment granting summary judgment in favor of the defendant in this civil action filed under the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 412. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This action was initiated in, and removed from, the Small Claims Division of the Alliance Municipal Court. In the Small Claims Notice and Summons, Kajganic alleged that there was due him from the defendant $2,000 by reason of "Denied petition for office of Union President on September 20, 1993 and opportunity to vote on December 1, 1993."
 
 
 3
 The defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment. The matter was referred to a magistrate judge who issued a report on November 29, 1994, recommending that the motion for summary judgment be granted in favor of the defendant. The district court adopted the report and recommendation and entered judgment in favor of the defendant on March 31, 1995. On April 7, 1995, Kajganic filed a motion for a new trial which the district court denied in a memorandum and order filed August 4, 1995.
 
 
 4
 Upon review, we conclude that the district court's judgment is improper to the extent that the court grants summary judgment for the defendant because of Kajganic's failure to file a timely response to the motion for summary judgment. A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden imposed by Fed.R.Civ.P. 56(c). See Carver v. Bunch, 946 F.2d 451, 455 (6th Cir.1991).
 
 
 5
 To the extent that the district court granted summary judgment on the merits, the judgment is proper as there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Kajganic contended that he was denied an opportunity to run for office and to vote in a local union election in 1993. The defendant's undisputed affidavit indicated, however, that as of September 20 and December 1 of 1993, Kajganic was not a member in good standing with the Metal Workers of Alliance, Inc., and, therefore, was not entitled to either run for office or to vote in the December 1993 union election. It is further indicated in that affidavit that if Kajganic had been entitled to either run for office or to vote in the election, he did not file a timely protest with the Union Executive Board as required by Article II, Section 8 of the Union by-laws.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.