97 F.3d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larina Eve LEWIS, Plaintiff-Appellant,
v.
ROOFERS UNION LOCAL # 42; Zero Breese Co.; Duane
Brandstetter; Tim Burke; Alan Wolf; Charles
Baker, Defendants-Appellees.
 Nos. 96-3037, 96-3038.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1996.
 
 S.D.Ohio, No. 94-00432; Sandra S. Beckwith, Judge.
 S.D.Ohio
 VACATED.
 
 
 1
 Before: MARTIN and CONTIE, Circuit Judges; CARR, District Judge.*
 
 ORDER
 
 2
 In these consolidated appeals, Larina Eve Lewis, a pro se Ohio citizen, appeals a district court order and judgment dismissing for want of prosecution her employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Lewis sued her former employer (Zero Breese Roofing Company, or "Zero Breese"), a foreman employed by Zero Breese (Brandstetter), and her labor union (Roofers Union Local # 42, or "Local # 42") after receiving a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). In this complaint, which listed three additional individual defendants in p 2, Lewis alleged that Brandstetter subjected her to sexual and racial harassment, that the personnel manager (Baker) wrongfully discharged her, and that an officer of Local # 42 (Burke) mishandled her grievance. In an amended complaint, Lewis named only Brandstetter, Zero Breese, and Local # 42 as defendants, described specific incidents of racial and sexual harassment, and added a claim under Michigan's Elliott-Larson Civil Rights Act. She sought a permanent injunction, back pay, front pay, and $546 million in damages. Both Zero Breese and Local # 42 filed motions to dismiss, to which Lewis responded.
 
 
 4
 On January 9, 1995, the magistrate judge sua sponte appointed counsel to represent Lewis. Joint status reports were filed in March and June 1995. On August 4, 1995, appointed counsel filed a motion to withdraw, citing an inability to communicate with Lewis for the previous 1 1/2 months, her expressed intent to move to Arizona, and "serious disagreements" over the presentation of the case. The magistrate judge granted the motion to withdraw and ordered Lewis to show cause in writing why her case should not be dismissed for want of prosecution. Two days after the deadline set by the court, Lewis filed a "Motion for Pre-Trial Conference" in which she stated, inter alia, that she had visited her sister in Arizona because of harassment from defendants and family members, that she wished to pursue the suit, and that counsel had not represented her interests to her satisfaction.
 
 
 5
 In a report filed on October 3, 1995, the magistrate judge recommended that Lewis's complaint be dismissed for want of prosecution. Lewis filed objections (albeit a week late) outlining her actions in prosecuting the case, blaming her appointed counsel for not completing discovery, and asserting that she had given her address and telephone number to counsel but he had not contacted her. The district court reviewed the record de novo and concluded that Lewis's response to the show cause order was non-responsive as well as late. In an order and judgment filed and entered on December 7, 1995, the district court dismissed the case pursuant to Fed.R.Civ.P. 41(b) "[i]n view of Plaintiff's failure to timely file objections to the Report and Recommendation and to diligently prosecute this action." Lewis filed notices of appeal on December 27, 1995 (Case No. 96-3037) and on January 5, 1996 (Case No. 96-3038). These cases have been consolidated for briefing and disposition.
 
 
 6
 On appeal, Lewis argues that the district court erred in dismissing her complaint for want of prosecution and denying her motion to compel discovery.
 
 
 7
 Upon careful consideration, we conclude that the district court abused its discretion when it dismissed Lewis's action for want of prosecution. See Coleman v. American Red Cross, 23 F.3d 1091, 1094 (6th Cir.1994). This court has held that dismissal "is a harsh sanction which the court should order only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff.' " Carver v. Bunch, 946 F.2d 451, 454 (6th Cir.1991) (quoting Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980)). See also Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986). Therefore, it should be used as a last resort after the court has considered the feasibility of lesser sanctions. Carver, 946 F.2d at 454. There is no indication that the district court ever considered lesser sanctions in this case.
 
 
 8
 In determining whether dismissal under Rule 41(b) is an abuse of discretion, this court should consider whether the plaintiff's claim is vexatious or fictitious; the delay was so long and drawn out as to indicate a desire not to prosecute; the plaintiff was responsible for the dilatory conduct; and the failure to comply with a court order was due to inability, and not to willfulness, bad faith or any fault of the party. Taylor v. Medtronics, Inc., 861 F.2d 980, 987 (6th Cir.1988). We find no evidence of bad faith on Lewis's part in the record before the court. See Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir.1991) (per curiam). Lewis's allegations, if true, may state a legitimate claim of harassment; thus, the filing does not appear to be vexatious or fictitious. The 1 1/2-month lapse in contact between Lewis and her attorney is hardly a delay so long and drawn-out as to indicate a desire not to prosecute. Finally, there is a factual issue about whether any delay after the appointment of counsel was attributable to Lewis or to counsel. Accordingly, the relevant factors argue against dismissal.
 
 
 9
 The district court specifically cited Lewis's untimely filing of her objections to the magistrate judge's report and her failure "to diligently prosecute this action" as its reasons for dismissing this action with prejudice. Late objections are insufficient cause for dismissal under Rule 41(b). Instead, a party who fails to file timely objections to a magistrate judge's report and recommendation, after being advised to do so, generally waives his or her right to appeal, which is, in itself, a significant sanction. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949 (6th Cir.1981). We conclude that Lewis did not waive her right to appeal because her objections, although late, were filed and the record was reviewed de novo by the district court. See Patterson v. Mintzes, 717 F.2d 284, 286-88 (6th Cir.1983).
 
 
 10
 The district court did not elaborate on its reason for finding that Lewis had failed to diligently prosecute her action other than to state that Lewis had "offer[ed] no explanation for her failure to comply with court-imposed deadlines and orders." The magistrate judge's show cause order was issued as a result of counsel's withdrawal and the order did not identify any other reason why dismissal was contemplated. There is simply no support in the record for a finding that Lewis, who had filed pleadings and motions over the course of approximately 1 1/2 years, has failed to prosecute this case.
 
 
 11
 Accordingly, the district court's judgment is vacated and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit. In light of this disposition, we have no jurisdiction to review the denial of Lewis's motion to compel discovery.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation