**Steven COLE, Plaintiff,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA,
Defendant.**

No. 1–03–CV–00230.

United States District Court,
S.D. Ohio,
Western Division.

March 9, 2004.

Robert R. Dever, Bannon, Howland & Dever, Portsmouth, OH, for Plaintiff.

Nancy Jean Manougian, Matthew J. Burkhart, Bailey Cavalieri LLC, Columbus, OH, for Defendant.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Plaintiff's Motion for Summary Judgment (doc. 17), Defendant's Response in Opposition (doc. 19), Plaintiff's Motion to Strike Defendant's Response in Opposition (doc. 20), and Defendant's Response in Opposition to Plaintiff's Motion to Strike (doc. 21). The Court shall also consider Defendant's Motion for Judgment (doc. 18), which is based on the Administrative Record (doc. 15).

## I. Background

This case involves Plaintiff's claim that Defendant Life Insurance Company of North America, ("LINA") wrongfully denied him certain benefits under a LINA insurance policy first issued to him on January 1, 1989 (docs. 1 & 17). Plaintiff filed his Motion for Summary Judgment on December 29, 2003, arguing that he has had work-related back problems extending back to February 9, 1989 (doc. 17). Plaintiff argues that there is nothing in the record that indicates that his back problems have anything to do with anything but work-related accidents (*Id.*). Plaintiff therefore claims the coverage he alleges entitlement to under the policy (*Id.*).

Defendant responds that the insurance policy at issue incepted June 1, 1999, and provides limited coverage for injuries caused by accidents, and which, "directly and from no other causes," results in a covered loss (doc. 19). Defendant argues that Plaintiff claims that the injury for which he seeks benefits resulted from a company physical exam on March 22, 2001 (*Id.*). However, Defendant posits that Plaintiff admits he has had a long history of back problems, so that the alleged injury was not directly and solely caused by an accident that happened after the policy's effective date ( *Id.*). Rather, avers Defendant, Plaintiff's condition was caused in part by pre-existing back problems, including degenerative back disease (*Id.*). Consequently, concludes Defendant, Plaintiff is not entitled to benefits under the policy (*Id.*).

On January 12, 2004, Plaintiff filed a Motion to Strike, arguing that Defendant's response failed to indicate that Plaintiff's medical examination was a company medical examination performed by a company doctor as a part of Plaintiff's job (doc. 20). Consequently, Plaintiff argues that Defendant's argument should be stricken (*Id.*).

Defendant responded to Plaintiff's Motion to Strike on January 14, 2004, stating that it mentioned three times in its response that Plaintiff's injury occurred during a company physical (doc. 21). Defendant reiterates its position that Plaintiff is not covered because, as Plaintiff concedes, the company physical at most exacerbated Plaintiff's pre-existing back problems, but was not the sole and direct cause of them (*Id.*).

Finally, the Court notes that Defendant filed a motion for summary judgment as well, based on the theory that the coverage of the policy provides benefits only for loss solely caused by an accident during the coverage period (doc. 18). Defendant posits that the administrative record in this case shows that Plaintiff's loss was caused by a sickness, chronic disc degeneration disease, and cannot be exclusively attributed to the medical test that his doctor performed (*Id.*). Defendant argues that this case is on point with *Lingerfelt v. Nuclear Fuel Service, Inc.*, 924 F.2d 1058, No. 90–5320, 119 U.S.App. LEXIS 1822 (6th Cir. Feb. 5, 1991), in which the Sixth Circuit found that a policy that clearly excluded coverage for losses from illness and disease did not cover a Plaintiff suffering with a severe and degenerative disc disease (*Id.*).

## II. Standard of Review

Defendant correctly indicates that the Court's standard of review of the plan administrator's decision in this case is *de novo* under *Firestone Tire & Rubber v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)(*Id.*). Defendant further indicates that the Court's review is limited to the record before the administrator at the time the determination was made, citing *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) (*Id.*). The Court undertakes its review by considering motions for judgment on the administrative record, not through any trial procedure. *Wilkins*, at 615.

Plaintiff styles his motion as one for summary judgment. Under *Wilkins*, it appears that the use of the summary judgment standard to resolve an ERISA case is subject to debate in the Sixth Circuit. 150 F.3d 609, 617. However, as in *Wilkins*, the Court finds such question cannot affect the rights of the litigants in this case. 150 F.3d 609, 617.

The narrow question that this Court must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.

R.Civ.P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Id.* at 321, 106 S.Ct. 2548; *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 405 (6th Cir.1992); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e); see *Guarino,* 980 F.2d at 405.

As the Supreme Court stated in *Celotex,* the non-moving party must "designate" specific facts showing there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Guarino,* 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, " 'the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.' " *Guarino,* 980 F.2d at 405 (quoting *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990)).

Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir.1990). Furthermore, the fact that the non-moving party fails to respond does not lessen the burden on the moving party or the court to demonstrate that summary judgment is appropriate. *Guarino,* 980 F.2d at 410; *Carver v. Bunch,* 946 F.2d 451, 454–55 (6th Cir. 1991).

### III. Discussion

As an initial matter, the Court finds that Plaintiff's Motion to Strike was adequately addressed by Defendant's objection. The Court does not find evidence that Defendant has tried to mislead the Court as to where and when the alleged injury to Plaintiff's back occurred. For these reasons, Plaintiff's Motion to Strike is denied.

As for the heart of the parties' dispute, having reviewed this matter *de novo,* the Court finds reasonable the plan administrator's denial of benefits to Plaintiff under the express terms of the policy. Plaintiff has presented no dispute as to any material fact, nor has demonstrated that he is entitled to judgment as a matter of law. The policy in question provides:

We agree to pay benefits for loss from bodily injuries:

> (a) caused by an accident which happens while a Covered Person is covered by this policy; and

> (b) which, directly and from no other causes, results in a covered loss.

We will not pay benefits if the loss was caused by:

> (a) sickness, disease, or bodily infirmity; or

(b) any of the Exclusions listed on page 2.

(doc. 18). The administrative record in this case shows that in October of 2000 and January 2001, an examining doctor linked Plaintiff's back and leg pain to disc disease (doc. 18). Plaintiff was prescribed medication to help Plaintiff with his condition (*Id.*). Only a few months later, in March 2001, Plaintiff was allegedly injured during a routine physical with a company doctor (*Id.*). However, Plaintiff's injury clearly occurred within the context of a pre-existing condition, for which he had only recently received treatment. Although the accident occurred within the scope of the Plaintiff's employment, it is clear that such accident was not the direct and sole cause of his injury. Further, it was not unreasonable for the plan administrator to determine, based on the record which included evidence that Plaintiff suffered from degenerative disc disease, that benefits should not be paid under the clause of the policy excluding coverage for loss caused by disease. Under *de novo* review or Fed. R.Civ.P. 56 analysis, the Court reaches the same conclusion. The Court finds no dispute as to any material fact, and concludes that Defendant is entitled to judgment as a matter of law.

Accordingly, the Court DENIES Plaintiff's Motion for Summary Judgment (doc. 17), DENIES Plaintiff's Motion to Strike (doc. 20), and GRANTS Defendant Life Insurance Company of North America's Motion for Judgment on the Administrative Record (doc. 18). This case is DISMISSED from the Court's docket.

SO ORDERED.