**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0561n.06
Filed: July 5, 2005

**No. 04-1789**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JEFFREY MILLER and LAURA MILLER,    )
                                    )
    Plaintiffs-Appellants,      )
                                    )
v.                                  )    ON APPEAL FROM THE UNITED
                                    )    STATES DISTRICT COURT FOR THE
SHORE FINANCIAL SERVICES, INC.,     )    EASTERN DISTRICT OF MICHIGAN
d/b/a SHORE MORTGAGE,               )
                                    )
    Defendant-Appellee.        )

Before: KEITH and DAUGHTREY, Circuit Judges, and WILLIAMS,[*] District Judge

**PER CURIAM.**  The plaintiffs, Jeffrey and Laura Miller, brought this action against

defendant Shore Financial Services, Inc., claiming that the defendant violated the

provisions of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, when the company failed

to give them notice of action on their loan application within the 30-day time limit prescribed

by the Act.  Instead, the Millers argue, Shore Financial Services offered less favorable

terms than agreed after this time limit had expired.  In response to the complaint, the

mortgage company moved for dismissal under Federal Rule of Civil Procedure 12(b)(6),

for failure to state a claim and, alternatively, under Rule 56 for summary judgment.  The

Millers did not file a reply within the 21-day period allowed by the district's local rules and,

---

[*]The Hon. Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

as a result, the district court granted summary judgment to the defendant on the ground that the defendant's motion was "unopposed" less than six weeks after the motion was filed.

Within a week of the district court's order dismissing their complaint, the plaintiffs submitted a belated response to the motion for summary judgment and filed a motion to reconsider, which the district court denied. The court held that the plaintiffs' motion did not "identify any obvious, clear, unmistakable, manifest, or plain defects in the Court's order granting summary judgment for Defendant," but was "predicated on an attorney's ignorance of the Local Rules and applicable deadlines," which the district court deemed "an insufficient ground to demonstrate a palpable defect."

The plaintiffs then filed a notice of appeal from the district court's "order granting unopposed motion and order denying motion for reconsideration." Some four weeks later, while the case was on appeal, the district court filed a "notice of omission in the court's order" under Federal Rule of Procedure 60(a), noting that although the rule permits a court to do so "of its own initiative," there is no prescribed procedure for a district court to seek leave from this court to make such a correction. In the notice of omission, the district court added to its language granting the motion for summary judgment as unopposed, indicating that the court was doing so "for the reasons stated in Defendant's motion and brief" after determining "that Defendant was entitled to judgment as a matter of law based on its

research and examination of the arguments in Defendant's brief." No specific reasons for the grant of summary judgment were included in the notice.

We have made it clear on many occasions that a district court abuses its discretion when it grants summary judgment solely because the non-moving party has failed to respond to the motion within the applicable time limit. *See*, *e.g.*, *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998); *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Even if local rules require a non-moving party to respond to a motion within a certain time, the Federal Rules of Civil Procedure still require the moving party to demonstrate the absence of a disputed question of material fact and a ground that would entitle the moving party to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Stough*, 138 F.3d at 614; *Carver*, 946 F.2d at 454-55. When a non-moving party fails to respond, therefore, the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden. *See Stough*, 138 F.3d at 614.

Of course, an action may be dismissed for failure to comply with procedural requirements if the plaintiff's failure to cooperate rises to a failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Stough*, 138 F.3d at 615). But when contemplating an order of dismissal under Rule 41(b), a district court should consider:

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough*, 138 F.3d at 615. In its original order granting summary judgment, the district court in this case discussed none of these factors and made no inquiry under Rule 41(a), relying solely on Eastern District Local Rule 7.1 to dismiss the appeal.

The district court's "notice of omission" may well have been motivated by a delayed recognition of these principles. However, it amounts to a case of too little, too late – not only because it was entered after the notice of appeal was filed and jurisdiction of the case was transferred to us, but also because the order is virtually devoid of the degree of analysis and reasoning by the district court that would permit our meaningful review of the summary judgment ruling on appeal. We therefore decline to accept the court's attempt to amend its order and conclude that the case must be returned to the district court for further proceedings.

REVERSED and REMANDED.