37 F.3d 1499
 74 A.F.T.R.2d 94-6765
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David R. SETZER, Plaintiff-Appellant,
David L. Williams, Attorney-Appellant,
v.
UNITED STATES of America, Defendant-Appellee,
Leonard Younce; Roger Younce, Third-Party Defendants,
New River Fuel, Inc., Intervening Defendant.
 Nos. 91-6195, 92-5137.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1994.
 
 Before: GUY and BATCHELDER, Circuit Judges; and McKEAGUE, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff, David R. Setzer, appeals the district court's Fed.R.Civ.P. 41(b) dismissal of his tax refund action and the court's grant of the government's motion for judgment on its counterclaim. Setzer argues that the failure of his attorney to appear for a pretrial conference and to prepare Setzer's case for trial did not warrant the actions taken by the district court. We agree, and reverse.
 
 I.
 
 2
 Setzer apparently was an accountant for New River Fuel, Inc., during the late 1980s. In April 1989, the IRS assessed Setzer a "100 percent penalty" under 26 U.S.C. Sec. 6672 as a "responsible person" for New River's alleged failure to pay more than $88,000 of withholding taxes. After making an installment payment of $1,010.99 on this assessment, Setzer filed with the IRS a claim for a refund, which was denied.
 
 
 3
 In September 1989, Setzer filed in United States district court a refund action under 26 U.S.C. Sec. 7422, in which he sought a determination that he was not a "responsible party" with respect to New River's failure to pay withholding taxes. The government filed an answer and a counterclaim in which it asked for a finding that Setzer was a responsible party and for payment of the remainder of the assessment. The government additionally filed a third-party complaint against the owners of New River, Leonard and Roger Younce, who also had been assessed a 100 percent penalty for New River's tax debt.
 
 
 4
 In September 1990, the district court scheduled a pretrial conference for Setzer's case for 11:30 a.m. on January 28, 1991. The court also directed the parties to file witness and exhibit lists at least one week prior to the conference, but the record suggests that neither party did so. On the morning of January 28, 1991, Setzer's attorney, David Williams, telephoned the district court to notify it that he would be late for the conference because he had been detained while tending to the affairs of his mother, who was in the hospital. When Williams then arrived ten minutes late for the conference, he received the following admonishment from the district court:
 
 
 5
 We have been sitting here waiting for you for ten minutes. An apology to the Court is necessary, but I expect you to do that in writing. As to Mr. Role, who is here on behalf of the United States, and Mr. Jackson who is here on behalf of the Defendants, Roger Younce and Leonard Younce, an oral apology, I think, will be sufficient. I set these matters at a date, place, and time, and I expect the attorneys to show up on time.
 
 
 6
 (App. at 42.) The attorneys and the district court then proceeded to discuss Setzer's case, noting in particular that New River might contest its withholding tax debt in a separate action.[1] Since the liability of Setzer and the Younces was derivative of that of New River, Williams observed that "if New River Fuels is successful with their case, then that is going to make our case moot." (App. at 49.) The following colloquy then ensued between the court and Role:
 
 
 7
 [MR. ROLE:] If the Court prefers to litigate, we'd have it litigated, rather, the issue of River Fuel's liability first, and subsequently have a trial regarding the responsible officers, assuming there is still a liability left.
 
 
 8
 THE COURT: I see what you're saying now. That's probably the best way to do it. So, we are going to go along just like we are right now and put the--Mr. Jackson, getting your pleadings an papers done, and we may try--we may end up continuing this matter that we have set until we try New River Fuel['s] liability issue. Is that all right?
 
 
 9
 MR ROLE: Yes, Your Honor.
 
 
 10
 THE COURT: But, we'll put the notice on your, otherwise, we'll have a trial in August.
 
 
 11
 (App. at 50.)
 
 
 12
 Williams also presented a written motion for a continuance during the conference. In an affidavit in support of the motion, Williams explained that he had been unable to prepare for trial because, in the six weeks prior to the conference, his mother had suffered two strokes and his stepfather had died from a heart attack. The district court granted the continuance motion, scheduled another pretrial conference for 11:15 a.m. on August 5, 1991, and set a trial date of August 22, 1991.
 
 
 13
 Meanwhile, in April 1991, New River filed a separate tax case in the same district court, claiming that it owed no withholding tax debt to the IRS. The record in Setzer's case does not indicate whether New River's case is still pending.
 
 
 14
 Setzer engaged in no discovery of any kind during the six months between the dates of the first and second pretrial conferences. When Williams then failed to make any appearance at the second pretrial conference, the district court dismissed Setzer's claim with prejudice under Fed.R.Civ.P. 41(b), for failure to prosecute. At that point, Jackson and Role stipulated to dismiss without prejudice the government's complaint against the Youngers. Setzer later filed a motion to set aside the dismissal of his complaint, explaining that he had forgotten to mark the date of the conference on his calendar. The district court denied this motion, and Setzer filed a notice of appeal on October 4, 1990.
 
 
 15
 Noting that there had been no resolution of its counterclaim, the government filed a "motion to redocket case, strike plaintiff's answer to counterclaim, and enter judgment for defendant on its counterclaim" on October 21, 1990. Setzer never responded to this motion, which the district court granted in a brief order on December 10, 1991.[2] After the district court denied Setzer's motion to set aside this order, Setzer filed another notice of appeal. Setzer's appeals were later consolidated. We now consider their merits.
 
 II.
 
 16
 Setzer argues that the district court abused its discretion when it dismissed his claim with prejudice under Fed.R.Civ.P. 41(b). In Harris v. Callwood, 844 F.2d 1254 (6th Cir.1988), we interpreted Link v. Wabash Realty Co., 370 U.S. 626 (1961), and its Sixth Circuit progeny to establish the following limitation upon a district court's Rule 41(b) power to dismiss a claim:
 
 
 17
 [I]n the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.'
 
 
 18
 844 F.2d at 1256.
 
 
 19
 Applying that standard to the facts of this case, we find that Setzer's claim was improperly dismissed. First, Williams was not notified that the court might dismiss Setzer's case if Williams failed to appear at the second pretrial conference. It is true that the district court's Rule 41(b) order states that the court "advised plaintiff's counsel that failure to appear [at the second conference] would warrant a dismissal of the complaint[,]" (app. at 23), but that assertion is not supported by the transcript of the first conference or by any other portion of the record. The government suggests the court's admonishment that it "expect[s] the attorneys to show up on time" placed Williams on notice that future derelictions might result in the dismissal of Setzer's complaint, but we disagree. The court's admonishment contained no mention of dismissal, and thus gave Williams no reason to expect that the court was contemplating such an extreme sanction.
 
 
 20
 Second, Williams did not engage in contumacious conduct towards the court. The parties do not dispute this point.
 
 
 21
 Third, there is no reason to believe that Williams' actions were in bad faith. The government points to Williams' failure to prepare for trial as evidence of bad faith, but, as noted earlier, the parties and the court agreed that the Setzer litigation would not move forward if New River filed a separate suit contesting its tax liability. Since New River filed such a suit, Williams had reason to believe that Setzer's case would be continued at the second pretrial conference. Thus, while we cannot commend Williams' conduct, we cannot conclude that it amounted to bad faith.[3]
 
 
 22
 Our determination that Setzer's claim was improperly dismissed has a decisive impact upon our analysis of Setzer's second argument, which is that the government's motion for judgment in its favor should not have been granted. This two-page motion did little more than point out that, since a Rule 41(b) dismissal operates as an adjudication upon the merits, the dismissal of Setzer's claim operated as a determination that Setzer was a "responsible person" for New River's tax debt. In light of our holding on the Rule 41(b) issue, that basis for affirming the grant of the government's motion no longer exists.
 
 
 23
 The government argues, however, that an independent ground for the district court's grant of its motion is provided by Rule 6 of the Local Rules of the United States District Court for the Eastern District of Kentucky, which provides in relevant part:
 
 
 24
 An opposing memorandum must be filed within fifteen (15) days from the date of service of the motion which may be extended for no more than thirty (30) additional days by written stipulation filed with the court unless the stipulation would extend the time beyond a deadline established by the Court. Failure to file an opposing memorandum may be grounds for granting the motion.
 
 
 25
 We considered the meaning of this very rule in Carver v. Bunch, 946 F.2d 451 (6th Cir.1991), and concluded that it cannot be given an interpretation that conflicts with the Federal Rules of Civil Procedure. Id. at 453. Since "under [Fed.R.Civ.P.] 56(c), a party moving for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact," id. at 454, we stated that, despite the language of Local Rule 6, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his] burden [of demonstrating the absence of a genuine issue as to a material fact." Id. at 455. Here, the government's motion for judgment in its favor amounted to a motion for summary judgment, though it was not styled as such. Given our holding on the Rule 41(b) issue, there is no reason to find that the government discharged its burden of demonstrating the absence of a genuine issue as to a material fact. Thus, Local Rule 6 would conflict with Fed.R.Civ.P. 56(c) if it were interpreted to provide an independent basis for the district court's grant of the government's motion. We therefore conclude that the government's motion should not have been granted.
 
 
 26
 The orders disposing of Setzer's claim and the government's counterclaim are REVERSED and REMANDED for proceedings consistent with this opinion.
 
 
 
 *
 Honorable David W. McKeague, United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 New River earlier had intervened as a defendant in Setzer's action, but in September 1990 the district court granted the government's motion to dismiss New River from the case
 
 
 [2]
 The district court retained jurisdiction over the case despite Setzer's first notice of appeal. The order dismissing Setzer's claim under Rule 41(b) was not "final" because the government's counterclaim was left unresolved and the court did not certify the order as final under Rule 54(b). See Knafel v. Pepsi Cola Bottlers of Akron, Inc., 850 F.2d 1155, 1158-59 (6th Cir.1988); Johnson v. McDole, 526 F.2d 710, 711 (5th Cir.1976)
 
 
 [3]
 Since we accept Setzer's argument that his claim should not have been dismissed, we need not address his argument that the dismissal of his claim violated his due process rights